UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOHN PRUITT

                                        CIVIL ACTION

VERSUS

                                        NUMBER 12-595-JJB-SCR

BLUE BEACON TRUCK WASH, ET AL


### ORDER TO AMEND NOTICE OF REMOVAL

Defendants Blue Beacon USA, LP (f/k/a Blue Beacon of Hammond, LP),[1] Blue Beacon International, Inc., and Sentry Select Insurance Company removed this case from state court asserting subject matter jurisdiction under 28 U.S.C. § 1332(a), diversity of citizenship. To establish diversity of citizenship in their Notice of Removal the defendants alleged that Sentry Select Insurance Company is incorporated and has its principal place of business in Wisconsin, Blue Beacon International, Inc. is incorporated and has its principal place of business in Kansas, and Blue Beacon USA, LP is a Kansas limited partnership with its principal place of business in Kansas.[2]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in

_____

[1] Blue Beacon USA, LP stated that it was erroneously designated in the petition as Blue Beacon Truck Wash.

[2] Record document number 1, ¶¶ 16-18. Plaintiff is alleged to be a citizen of Arizona.

accordance with § 1332(a) and (c).[3] Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company or limited partnership is determined by considering the citizenship of all its members or partners.[4] The state where a limited liability company or limited partnership is organized and where it has its principal place of business does not determine its citizenship for the purpose of § 1332. Thus, to properly allege the citizenship of a limited liability company or limited partnership, the party asserting jurisdiction must identify each of the entity's members or partners and the citizenship of each one in accordance with the requirements of § 1332(a) and (c).[5]

Defendants' jurisdictional allegation as to defendant Blue Beacon USA, LP, do not sufficiently allege its citizenship in

---

[3] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[4] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[5] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

accordance with § 1332 and *Harvey v. Grey Wolf Drilling Co.*

Therefore;

IT IS ORDERED that the removing defendants Blue Beacon USA, LP (f/k/a Blue Beacon of Hammond, LP), Blue Beacon International, Inc., and Sentry Select Insurance Company shall have 14 days to file an Amended Notice of Removal which properly alleges the citizenship of Blue Beacon USA, LP.

**Failure to comply with this order may result in the case being remanded without further notice for lack of subject matter jurisdiction.**

Baton Rouge, Louisiana, October 4, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE